# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Case No. 8:17-cr-00236-PWG-1 |
| JERMAINE ANTONIO PATE | * |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Emergency Motion for Reconsideration of Bond (ECF No. 50) and the government's Opposition to Emergency Motion for Reconsideration of Bond (ECF No. 52).[1] The parties have fully briefed the issues, and no hearing is necessary. L.R. 105.6. For the reasons that follow, the defendant's Emergency Motion for Reconsideration of Bond is **DENIED**.

I. PROCEDURAL HISTORY AND BACKGOUND

On September 17, 2017, the Honorable Paul W. Grimm, United States District Judge, sentenced the defendant to a period of incarceration of 16 months, concurrent, on the charges of Possession of a Controlled Substance with Intent to Distribute, a violation of 21 U.S.C. § 841(a)(1), and Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(g)(1). Judge Grimm also ordered the defendant to serve a total of three years' supervised release upon his release from incarceration. *See* Judgment in a Criminal Case (ECF No. 36). The defendant served his term of incarceration, and his three-year term of supervised release commenced on June 8,

---

[1] The defendant did not file a reply to the government's opposition.

2018.  On or about January 13, 2020, U.S. Probation Officer Candida Martha submitted a Petition on Supervised Release to the Court (ECF No. 38).  Probation Officer Martha asserted that the defendant was in violation of the terms of his supervised release as a result of his arrest on January 5, 2020, in Prince George's County for Handgun in Vehicle (three counts), Illegal Possession of Firearm (three counts), Loaded Handgun in Vehicle (three counts), Firearm in Commission of a Crime of Violence, Illegal Possession of Ammo, Assault Second Degree (three counts), Escape Second Degree, and Resisting Arrest.  Probation Officer Martha also asserted that, on January 5, 2020, the defendant was in possession of 25 grams of heroin or other suspected drugs.[2]  On January 30, 2020, the defendant appeared before the undersigned for an initial appearance on the Petition on Supervised Release and a detention hearing.

At the detention hearing, the government made the following proffer of facts based on the limited information in its possession.  On January 5, 2020, officers from Prince George's County observed the defendant seated in a vehicle in the parking lot of a shopping center.  As the officers approached the vehicle, they observed the defendant reach down in a furtive manner.  The officers asked the defendant to step out of the vehicle.  As he did so, they observed a handgun sticking out from under the seat in plain view.  After the defendant was out of the vehicle the officers attempted to handcuff him.  They were able to get one handcuff on him.  As they attempted to cuff the defendant's other wrist, the defendant pushed away and attempted to flee.  One of the officers was injured as a result of the defendant's resistance.  The defendant was then transported to the police station for processing.  A search of the defendant's vehicle yielded three handguns (two of which were loaded), ammunition, and a quantity of cocaine and another Schedule I controlled substance.

---

[2] According to the government, on February 25, 2020, a Prince George's County grand jury returned an indictment charging the defendant in 28 counts with firearms and drug trafficking crimes, second-degree assault, and resisting arrest.  Trial is scheduled for June 24, 2020.  *See* Opposition to Emergency Motion for Reconsideration of Bond (ECF No. 52 at 2-3).

Based on these proffered facts and the fact that they occurred while the defendant was on supervised release for similar offenses, the government argued for detention on the grounds of risk of flight and danger to the community.[3]

The defendant argued that conditions of release could be fashioned to assure both his appearance at future proceedings and the safety of the community. The defendant pointed out that, up until the Prince George's County incident on January 5, 2020, he had been compliant with supervised release. He questioned the validity of the stop by the Prince George's County officers and asserted that it is likely that the evidence will ultimately be suppressed at trial. The defendant also noted that he timely reported the arrest to his probation officer, that the State court judge released him on bond, that he appeared for the initial appearance, that he was employed, and that he makes child support payments. Finally, the defendant argued that, if he was subjected to federal pretrial detention, the State authorities will not likely bring him to State court to resolve the charges against him, which will delay the resolution of the underlying violation of supervised release petition, leaving him in "legal limbo."

After hearing from counsel and the probation officer, the undersigned found that the defendant did not establish by clear and convincing evidence under Federal Rule of Criminal Procedure 32.1(a)(6) that he would not pose a danger to the community if released. The undersigned did not find that the defendant would be a risk of flight if released. The undersigned did find, however, that, based on the government's proffer that the defendant was in possession of three handguns (two of which were loaded), ammunition, and controlled substances while he was on supervised release for similar offenses, the defendant could not establish by clear and convincing evidence that he would not be a danger to the community if released. Thus, the

---

[3] The government proffers further details of the events in its Opposition to Emergency Motion for Reconsideration of Bond. ECF No. 52 at 5.

undersigned ordered that the defendant be detained pending further proceedings. *See* Order of Detention Pending Trial, ECF No. 45. The defendant is presently detained at the DC Jail.

On February 6, 2020, the defendant filed a Motion for Reconsideration (ECF No. 46) seeking reconsideration of the undersigned's order to detain him pending trial. Judge Grimm denied the Motion for Reconsideration after a hearing on February 19, 2020. The defendant filed the present Emergency Motion for Reconsideration of Bond (ECF No. 50) on March 29, 2020.

II. BURDERN OF PROOF

Federal Rule of Criminal Procedure 32.1(a)(6) provides that, in connection with the initial appearance of a defendant on an allegation of violation of supervised release, "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Title 18 U.S.C. § 3143 applies to the release or detention of a defendant pending sentence or appeal. It provides that, subject to exceptions not applicable here, a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence shall be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c). 18 U.S.C. § 3143(a)(1). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c). *Id.*

III. ANALYSIS

The burden of proving by clear and convincing evidence that he will not flee or pose a danger to the safety of any other person or the community if released remains with the defendant. In his Emergency Motion for Reconsideration of Bond, the defendant advances two arguments for his release. The first is that his continued federal detention will result in a delay of a resolution in

4

the underlying State case and, therefore, a delay in the resolution of the present violation of supervised release proceedings. That argument was raised and rejected at the detention hearing. Second, the defendant argues that he suffers from asthma and is particularly vulnerable to complications from COVID-19. The profound impact the COVID-19 pandemic on society in general, and on persons detained in detention facilities in particular, was not widely known or appreciated at the time of the detention hearing on January 30, 2020. Therefore, the Court will consider the Emergency Motion for Reconsideration of Bond as a motion for reconsideration due to the changed circumstances of the COVID-19 outbreak under 18 U.S.C. § 3142(f).

The magnitude of the COVID-19 pandemic is well known and has been discussed in several recent decisions of this Court. *See, e.g.*, *United States v. Martin*, Criminal Case No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020). Persons in detention are particularly vulnerable to exposure to the virus. *See United States v. Davis*, No. ELH-20-09, 2020 WL 1529158 (D. Md. Mar. 30, 2020). As the government points out, however, the District of Columbia Department of Corrections has established comprehensive procedures to avoid a COVID-19 outbreak and transmission of the virus. *See* Opposition to Emergency Motion for Reconsideration of Bond (ECF No. 52 at 6-11). The fact that the defendant suffers from asthma and, therefore, may be at an increased risk of complications if infected with COVID-19 is material. The defendant does not assert, however, that he is infected with the virus or has been exposed to it or has exhibited symptoms consistent with being infected with the virus. The defendant asserts in general terms the potential risk of contracting the virus. He does not suggest specific conditions of release for the Court to consider, other than location monitoring. He has not proposed any potential third-party custodian.

The bottom line question for the Court is: does the new information that the defendant suffers from asthma and is, therefore, particularly vulnerable to complication if exposed to

5

COVID-19 combined with the information presented at the original detention hearing now establish by clear and convincing evidence that the defendant will not pose a danger to the safety of any other person or the community if released?  The Court again finds that, even considering this new information, the defendant cannot carry his burden of proof.  The fact that the government has strong evidence that, while he was on supervised release for the offenses of possession of a controlled substance with the intent to distribute and felon in possession of a firearm, the defendant was in possession of three firearms (two of which were loaded), ammunition, and controlled substances, and that he attempted to flee the police weighs heavily in favor of detention.  The Court does not find that there are conditions of release that could be fashioned to assure the safety of the community.  The defendant's Emergency Motion for Reconsideration of Bond is, therefore, **DENIED**.

April 7, 2020 /s/
Thomas M. DiGirolamo
United States Magistrate Judge