IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. PWG-17-236** |
| **JERMAINE ANTONIO PATE,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendant's Motion for Reconsideration of Bond (ECF No. 56) and the government's Opposition to Motion for Reconsideration of Bond (ECF No. 60).[1] The parties have fully briefed the issues and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the defendant's Motion for Reconsideration of Bond is **DENIED**.

I. PROCEDURAL HISTORY AND BACKGROUND

On September 17, 2017, this Court sentenced the defendant to a period of incarceration of 16 months, concurrent, on the charges of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant also was ordered to serve a total of three years' supervised release upon his release from incarceration. The defendant served his term of incarceration, and his three-year term of supervised release commenced on June 8, 2018. On or about January 13, 2020, U.S. Probation Officer Candida Martha submitted a Petition on Supervised Release to the

---

[1] The defendant did not file a reply to the government's opposition.

Court (ECF No. 38). Probation Officer Martha asserted that the defendant was in violation of the terms of his supervised release as a result of his arrest on January 5, 2020, in Prince George's County, Maryland.[2] On January 30, 2020, the defendant had an initial appearance before the Honorable Thomas M. DiGirolamo, United States Magistrate Judge. During the detention hearing, the government stated that during the arrest, the defendant had attempted to flee, injuring an officer in the process. Based on these proffered facts, alleged to have occurred while the defendant was on supervised release for similar offenses, the government argued for detention on the grounds of risk of flight and danger to the community.

After hearing from counsel and the probation officer, Judge DiGirolamo found that the defendant had not established by clear and convincing evidence under Federal Rule of Criminal Procedure 32.1(a)(6) that he would not pose a danger to the community if released. Judge DiGirolamo therefore ordered that the defendant be detained pending further proceedings.

On February 6, 2020, the defendant filed a Motion for Reconsideration (ECF No. 46) seeking reconsideration of Judge DiGirolamo's order to detain him pending a determination of his alleged violation of supervised release. . This Court denied the Motion for Reconsideration after a hearing on February 19, 2020. The defendant then filed an Emergency Motion for Reconsideration of Bond (ECF No. 50) on March 29, 2020, which Judge DiGirolamo also denied, on April 7, 2020. (ECF No. 53). On September 2, 2020, the defendant filed the present Motion for Reconsideration of Bond.

---

[2] The defendant was charged with the following: Handgun in Vehicle (three counts), Illegal Possession of Firearm (three counts), Loaded Handgun in Vehicle (three counts), Firearm in Commission of a Crime of Violence, Illegal Possession of Ammunition , Assault Second Degree (three counts), Escape Second Degree, and Resisting Arrest. Probation Officer Martha also asserted that, on January 5, 2020, the defendant was in possession of 25 grams of heroin or other suspected drugs. Pet. on Supervised Release at 2.

II. BURDEN OF PROOF

Federal Rule of Criminal Procedure 32.1(a)(6) provides that, in connection with the initial appearance of a defendant on an allegation of violation of supervised release, "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Title 18 U.S.C. § 3143 applies to the release or detention of a defendant pending sentence or appeal. It provides that, subject to exceptions not applicable here, a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence shall be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c). 18 U.S.C. § 3143(a)(1). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c). *Id.*

III. ANALYSIS

The defendant has the burden of proving by clear and convincing evidence that he will not flee or pose a danger to the safety of any other person or the community if released. In his Motion for Reconsideration of Bond, the defendant argues that COVID-19's negative impact on Federal and State courts has prejudiced him "beyond imagining." Def.'s Mot. at 1. The defendant is currently scheduled for trial in his state court case beginning on January 13, 2021 but notes the possibility of further delay due to the ongoing pandemic. Because the resolution of a pending Violation of Supervised Release petition is contingent on the conclusion of his state court case, the defendant contends that he will "languish indefinitely as a federal detainee with no recourse." *Id.*

3

The defendant asserts that he will "not be a danger to anyone," and that in recognition of this Court's previously stated concerns regarding the danger that the defendant would pose if released, the defendant requests "24/7" home confinement as a condition of release while he awaits a ruling on the pending supervised release violation. The defendant also states that he suffers from asthma and the "threat of COVID 19 is ever present." *Id.* at 2.

The question for this Court is : has the defendant presented any novel arguments that now establish by clear and convincing evidence that the he will not pose a danger to the safety of any other person, or the community, if released? In his motion, the defendant restates arguments that this Court previously rejected. He fails to present any new information to justify release under 18 U.S.C. § 3142. Considering the strong evidence that the government has regarding the circumstances under which the defendant allegedly violated his supervised release, as well as the manner in which the defendant acted when he was arrested, the defendant has failed to show by clear and convincing evidence that he will not flee or endanger others. The defendant's Motion for Reconsideration of Bond is, therefore, **DENIED**.

## ORDER

For the reasons stated above, it is, this **20th** day of October 2020, hereby ORDERED that

1. Pate's Motion for Reconsideration of Bond IS DENIED; and
2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-17-0236, and to MAIL a copy of it to Defendant and the Government.

/S/
Paul W. Grimm
United States District Judge

4